UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AK-CHIN INDIAN COMMUNITY,<br>A federally recognized Indian Tribe<br>42507 W. Peters & Nall Road<br>Maricopa, Arizona 85138<br><br>   Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>OF THE INTERIOR<br>1849 C Street, N.W.<br>Washington, D.C. 20240<br><br>and<br><br>RYAN ZINKE, in his official capacity as Secretary,<br>United States Department of the Interior<br>1849 C Street, N.W.<br>Washington, D.C. 20240<br><br>   Defendants. | Civil Action No. 1:17-cv-02141 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND A WRIT OF MANDAMUS

INTRODUCTION

1. This is an action for declaratory and injunctive relief and a writ of mandamus brought by Plaintiff the Ak-Chin Indian Community ("Ak-Chin" or "Community") against the Department and Secretary of the Interior ("Defendants") for violations of the Indian Self-Determination and Education Assistance Act, as amended, 25 U.S.C. § 5301 *et seq.* ("ISDEAA"), and regulations promulgated thereunder.

2. Under the ISDEAA and governing regulations, the Secretary of Interior ("Secretary") is authorized to enter self-governance contracts with tribes for the tribe to administer programs that the Secretary is authorized to administer, including law enforcement

and detention services, which the Secretary commonly administers for tribes across the country through the BIA Office of Justice Services. *See* 25 U.S.C. §450f. Additionally, under the ISDEAA and governing regulations, the Secretary has 90 days, after receipt of a tribe's proposal for a self-determination contract, to decline or award the contract. *See* 25 U.S.C. § 5321(a)(2). When the Secretary fails to deny a proposal within 90 days, or to obtain an agreed-upon extension, the proposal is deemed approved and the Secretary is required to award the contract. *See* 25 U.S.C. §§ 5325(a)(1) & (a)(2); 25 C.F.R. §§ 900.17; 900.18.

3.  The Community submitted a contract proposal to the Department of the Interior ("Department") requesting law enforcement funding under the ISDEAA in the amount of $8.1 million for fiscal year ("FY") 2017. The Secretary failed to respond within the 90-day limitation or to seek an extension, and the proposal is therefore deemed approved under the law.

4.  Nonetheless, Defendants declined to award the contract and denied the Community's proposal for funding.

5.  Because Defendants' actions violate the ISDEAA and applicable regulations, the Community is entitled to a declaratory judgment that the contract is deemed approved, as well as injunctive relief and a writ of mandamus requiring Defendants to award the contract with the contractually obligated funds to the Ak-Chin Indian Community.

## PARTIES

6.  Plaintiff Ak-Chin is a federally recognized Indian tribe that is the beneficial owner and occupant of a more than 22,000 acre reservation within the exterior geographic boundaries of Pinal County, Arizona.

7. The Department is an executive department within the United States government. The Bureau of Indian Affairs ("BIA") is a bureau within the Department. The Department's headquarters is located in Washington, D.C.

8. The Secretary has overall responsibility for administering the Department and overseeing its constituent bureaus and programs, including the BIA, and contracting with Indian tribes under the ISDEAA. The Secretary's office is located in Washington, D.C.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1361 and 1362 because this is a civil action brought by a federally recognized Indian tribe and arising under the laws of the United States, specifically including, but not limited to, the ISDEAA, 25 U.S.C. § 5331(a) seeking to compel the Secretary to approve and award the self-determination contract under a duty the Secretary owes to Ak-Chin under the ISDEAA and its implementing regulations.

10. Venue is appropriate in this jurisdiction under 28 U.S.C. § 1391(b) and (e) because Defendants reside in the District of Columbia.

## FACTS

### 2017 Self-Determination Contract Proposal

11. The Ak-Chin Indian Community directly borders the City of Maricopa, Arizona, both of which are approximately 35 miles south of downtown Phoenix, Arizona. The neighboring City of Maricopa has experienced rampant growth in recent years, going from a population of 1,040 people in the 2000 census, to approximately 47,442 in 2014. This overwhelming growth has forced the Community to adapt, as well as to plan for continued long-

term growth in the corridor that connects Phoenix and Tucson, Arizona. Specifically, the Community recognized an urgent need to replace its dilapidated law enforcement facilities.

12. Typically, tribal jails are funded by the BIA Office of Facilities Management and Construction, but the Community decided to self-fund its project rather than experience the delays and lengthy backlogs associated with the BIA process. After years of careful planning, in close coordination with the BIA, the Community dedicated the completion of its new $18 million facility Ak-Chin Multi-Purpose Justice Complex ("Justice Complex") on June 6, 2014.

13. The Justice Complex is a state-of-the-art 56,000 square-foot complex that houses the Community's police department, public defender's office, prosecutor's office, detention and probation center and courts in one building. It uses water and energy saving technology throughout and was designed to ensure detainees could practice their religious beliefs, take GED or college courses online, and receive CPR or food handling certifications while incarcerated.

14. During construction of the Justice Complex, the Community coordinated with the BIA at each step of the construction process to ensure that all aspects of the facility were built in compliance with BIA code and regulations, as required to received federal funds for Operations and Maintenance ("O&M"). Upon completion, the Justice Complex received its Permanent Certificate of Occupancy on September 24, 2014 from the BIA certifying that it was in compliance and therefore could be eligible for BIA O&M funding.

15. With the Justice Center established as the centerpiece of Ak-Chin Law Enforcement services, on January 23, 2017 the Community sent the BIA a proposal for a self-determination contract for law enforcement funding under the ISDEAA.

16. The Community sent the contract proposal to the headquarters of the BIA Office of Justice Services in Washington, D.C. via United Parcel Service (UPS) next day air, with proof

4

of delivery, that showed that the proposal was received on January 24, 2017. A true and correct copy of the UPS delivery confirmation is attached hereto as Exhibit 1.

17. The proposal was in the form of a Resolution, which had been adopted by the Tribal Council on January 18, 2017. A true and correct copy of the Cover Letter and Resolution Ak-Chin sent to Defendant are attached hereto as Exhibit 2.

18. The proposal sought a drawdown of $8.1 million in funding for FY 2017 to pay for programs the Secretary is authorized to administer, specifically, Ak-Chin law enforcement and Justice Complex O&M expenditures related to personnel, purchasing supplies, equipment, communications resources, and utilities.

19. At no time within 90 days of receipt of the proposal did the BIA alert the Community that the proposal was insufficient in any way or that the BIA needed additional information or an extension of time to review the proposal.

20. On May 12, 2017, following expiration of the 90-day window within which the BIA was permitted to decline the proposal, the Community sent a follow-up letter to the BIA confirming approval of the contract proposal by BIA's failure to respond and providing a second copy of the Resolution and proof of delivery to the BIA. A true and correct copy of that correspondence is attached hereto as Exhibit 3.

21. On May 31, 2017, the BIA responded to the Community's May 12, 2017 letter. A true and correct copy of that correspondence is attached hereto as Exhibit 4.

22. In its response, the BIA acknowledged that from the documentation from UPS, "it appears that [Ak-Chin's] resolution arrived at the Main Interior Building on January 24, 2017." *See id.* at 1. The BIA refused to approve or award the contract for the Community's contract proposal.

23. The Community now exercises its option to initiate an action in federal district court to challenge the Secretary's decision, pursuant to 25 U.S.C. § 5321(b)(3) and 25 C.F.R. § 900.153.

### Agreement for Law Enforcement Funding with the BIA Pima Agency

24. The BIA Pima Agency Office serves Gila River Indian Community and Ak-Chin, and no other tribes.

25. In October 1998, the Community reached an agreement with the BIA, whereby the Community would be entitled to 10 percent of the total share of law enforcement services funds received by the BIA Pima Agency Office.

26. Since that time, however, the Community's agreed-upon 10 percent share was never provided, and the BIA has since failed to take any steps to rectify the situation on behalf of the Community, its trust beneficiary.

27. In the contract proposal the Community submitted on January 23, 2017, the Community requested its full 10 percent share of all law enforcement funds allocated to the Pima Agency to be included in the requested $8.1 million, which represent the amount the Community is currently spending on law enforcement and detention services.

28. In its May 31, 2017 response letter, despite the expiration of the 90-day period within which it was permitted to decline the contract proposal by law, the BIA also declined the Community's request for the 10 percent share of the Pima Agency's law enforcement funding.

29. The Community now challenges the Secretary's decision, pursuant to 25 U.S.C. §§ 5321(b)(3), 5331(a) and 25 C.F.R. § 900.153.

30. Pursuant to Section 102(a)(2) of the ISDEAA, 25 U.S.C. § 5321(a)(2), the Secretary must review and approve or decline a proposal for a self-determination contract within

90 days after receipt of the proposal. Under 25 C.F.R. § 900.18, a proposal that is not declined within 90 days, or any agreed extension under § 900.17, is deemed approved and the Secretary must award the contract and add to the full amount of funds pursuant to Section 106(a) of the Act, 25 U.S.C. § 5325(a)(1).

31. After it failed to respond to the Community's contract proposal within 90 days of the date of receipt, the BIA could no longer decline the Community's proposal for a self-determination act contract.

32. Defendants' declination of the Community's contract proposal violated their obligations under the ISDEAA and its implementing regulations.

## FIRST CLAIM FOR RELIEF—DECLARATORY JUDGMENT

33. The Community re-alleges and incorporates by reference the allegations of paragraphs 1-32, above, as if fully set forth herein.

34. The Community seeks a judgment declaring that the Community's proposal for a self-determination contract for law enforcement and detention funding submitted January 23, 2017 is deemed approved based on defendants' failure to timely respond, and that the Community be awarded the $8,100,000 that it proposed for FY 2017 and for future years.

## SECOND CLAIM FOR RELIEF—INJUNCTION

35. The Community re-alleges and incorporates by reference the allegations of paragraphs 1-34, above, as if fully set forth herein.

36. Under 25 U.S.C. § 5331(a), this Court may order appropriate relief injunctive relief against any action by an officer of the United States or any agency thereof contrary to the ISDEAA, "including immediate injunctive relief to reverse a declination finding under [25 U.S.C. §] 5321(a)."

37. The Community is entitled to injunctive relief compelling the Secretary to approve, award and fund the proposed Contract in the amount of $8,100,000 for FY 2017 and for future years.

### THIRD CLAIM FOR RELIEF—WRIT OF MANDAMUS

38. The Community re-alleges and incorporates by reference the allegations of paragraphs 1-37, above, as if fully set forth herein.

39. Under 25 U.S.C. § 5331(a), this Court may order appropriate relief including "mandamus to compel an officer or employee of the United States, or any agency thereof, to perform a duty provided under the [ISDEAA] or regulations promulgated [thereunder] (including . . . to compel the Secretary to award and fund an approved self-determination contract)."

40. The Community is entitled to a writ of mandamus compelling the Secretary to award and fund the proposed Contract in the amount of $8,100,000 for FY 2017 and for future years.

### PRAYER FOR RELIEF

WHEREFORE, the Community respectfully requests that the Court enter judgment in favor of the Community and against Defendants:

A. Declaring that the Community's contract proposal is deemed approved following the Secretary's failure to award or decline the proposal within the 90-day period required by the ISDEAA;

B. Compelling the Secretary to sign, award and fund the contract in the amount of $8.1 million for FY 2017 and future years;

C. Compelling the Secretary to allocate ten percent of the Pima Agency's law enforcement funding to the Community, including for FY 2017 and future years; and

D.      Granting the Community such other relief as the Court deems just and proper.

Respectfully submitted this 17th day of October, 2017.

                    By:   /s/ Catherine F. Munson
                          Catherine F. Munson
                          D.C. Bar No. 985717
                          CMunson@kilpatricktownsend.com
                          Charles W. Galbraith
                          D.C. Bar. 1028083
                          CGalbraith@kilpatricktownsend.com
                          KILPATRICK TOWNSEND & STOCKTON, LLP
                          607 14th Street, N.W., Suite 900
                          Washington, D.C. 20005
                          Tel:  (202) 508-5800; Fax:  (202) 508-5858

                          *Attorneys for Plaintiff*
                          *Ak-Chin Indian Community*